United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | No. 2:15-CR-52-2 |
| | § | (No. 2:16-CV-93) |
| EZEQUIEL CARDENAS-CABRERA, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY

Ezequiel Cardenas-Cabrera (Cardenas-Cabrera) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 60.[1] The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion. . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). Court denies Cardenas-Cabrera's motion to vacate and denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entries refer to the criminal case.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Cardenas-Cabrera and his co-defendant were found in the brush near Falfurrias, Texas in December 2014 with four make-shift back packs filled with marijuana. Both men stated they had been approached in Mexico by men who offered to cross them into the United States for $3000 each, but when they arrived at the crossing they were told to carry the back packs and their fee would be waived. D.E. 52, ¶ 6. Two others were crossed with them and they also carried back pack. *Id*. Cardenas-Cabrera and his co-defendant were each arrested. *Id*.

Cardenas-Cabrera made his initial appearance in federal court two days later and was appointed counsel. D.E. 3. He was later indicted and charged with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana (approximately 105.71 kilograms) and with possessing with intent to distribute the same quantity of marijuana in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B).  D.E. 11. He was arraigned on January 23, 2015, and advised that his imprisonment range was "a minimum sentence in Federal prison of five years, and a maximum sentence of 40 years without probation, parole or suspended sentence." D.E 50, p. 5. He testified he understood. *Id*., p. 6.

Cardenas-Cabrera pleaded guilty to Count One, conspiracy, on March 3, 2015, pursuant to a plea agreement with the government. D.E. 20. At rearraignment, he testified that he understood the charge against him; his attorney read him the indictment in Spanish and discussed it with him; he was satisfied with his attorney's services and counsel was following his instructions. D.E. 51, pp. 7-10. After the Court advised Cardenas-Cabrera of

2

his trial rights, he testified that he wanted to waive his right to silence and to plead guilty. *Id*., pp. 12-13. He further testified that he had not been threatened or forced to plead guilty or promised a specific sentence if he pleaded guilty. *Id*., pp. 17, 26. The Court advised him of the range of sentencing, "The maximum possible punishment is a period of 40 years in the penitentiary. There is a minimum mandatory sentence of five years in the penitentiary. There is no probation and there is no parole from this sentence." *Id*., p. 15. Cardenas-Cabrera testified that he was pleading guilty, "Because we knew that it was something illegal, but we didn't -- we did not know what quantity of marijuana it was. THE COURT: Did you believe that you were transporting marijuana? DEFENDANT CARDENAS-CABRERA: Yes, because of the odor." *Id*., p. 22. Cardenas-Cabrera testified he and his attorney discussed the plea agreement, he understood it and signed it. *Id*., p. 24. He pleaded guilty to Count One, conspiracy, and agreed to the government's recitation of the facts. *Id*., pp. 27-31.

The Probation Department prepared the PSR. D.E. 27. Probation calculated Cardenas-Cabrera's base level offense at 24 based upon 105.71 kilograms of marijuana in the four bundles. *Id*., ¶ 17. Three points were subtracted for acceptance of responsibility, resulting in a total offense level of 21. *Id*., ¶¶ 18-26. He had previously been convicted of misdemeanor assault and leaving the scene of an injury accident resulting in a criminal history category of III. *Id*., ¶ 27-30. His sentencing guideline range was 46 to 57 months with a minimum statutory sentence of five years. *Id*., ¶¶ 48-49. No objections were filed to the PSR. D.E. 28.

At sentencing, Cardenas-Cabrera testified that counsel read the PSR to him in Spanish, it was correct and he and counsel discussed it. D.E. 52, p. 3. There were no

corrections or objections. *Id*. Counsel agreed that the statutory minimum sentence applied. *Id*., p. 5. The Court sentenced Cardenas-Cabrera to 60 months imprisonment, the minimum statutory sentence and advised him of his right to appeal. *Id*., pp. 16-17. Judgment was entered on July 24, 2015. D.E. 43. The Fifth Circuit affirmed his sentence, but remanded for a correction to the judgment. *United States v. Cardenas-Cabrera*, No. 15-4059 (5th Cir. May 19, 2016) (designated unpublished). His motion to vacate is timely.

### III.  MOVANT'S ALLEGATIONS

Cardenas-Cabrera complains that he had "poor or insufficient legal counsel:"

> I received very poor assistance in my district case as well as during the appeal. He did not obtain any benefits that would decrease my sentence. Although I was interviewed by agents, I received no 5K benefit. Additionally, I qualified for early disposition or fast track program for deportable aliens and received no such deduction. He also represented me on appeal, and considered all issues frivolous. Because of my limited knowledge of the English language and the laws, together with insufficient legal counsel, I went through the motions of my case without a full understanding of all proceedings, and also of the benefits I could have received but did not.

D.E. 60, pp. 4-5.

### IV.  ANALYSIS

#### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct her sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under

28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.     Claims of Ineffective Assistance**

1.  *Standard for Ineffective Assistance Claims*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter*

*v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

  2.  *Counsel's Failure to Obtain Benefits*

Cardenas-Cabrera appears to complain that his sentence is too long, and but for counsel's ineffective assistance he would have received a lower sentence. He argues that counsel failed to obtain unnamed benefits in exchange for his plea agreement. Although Cardenas-Cabrera does not mention his co-defendant's sentence, he may base his claim in part on his co-defendant's lower sentence of 24 months.

Both men had offense levels of 21, but the co-defendant had no criminal history, unlike Cardenas-Cabrera whose criminal history made him ineligible for safety valve. Because the co-defendant was safety-valve eligible and debriefed, the Court was permitted to sentence the co-defendant below the statutory minimum sentence. *See* 18 U.S.C. § 3553(f). He also received credit for minor role, which reduced his offense level to 17 and his guideline sentencing range to 24 to 30 months. D.E. 38.

Because of his criminal history, Cardenas-Cabrera did not qualify for safety valve and his debriefing did not rise to the level of substantial assistance. Without safety valve, Cardenas-Cabrera could not be sentenced below the minimum statutory sentence of 60 months.

Cardenas-Cabrera complains that he did not get a 5K sentence recommendation even though he debriefed. Cardenas-Cabrera signed a plea agreement with the government in which he agreed that the government had the sole discretion to determine whether the

information he provided qualified as substantial assistance. D.E. 20, ¶ 3. Furthermore, only the government can make the motion; defense counsel cannot compel the government to do so and the Court may not grant such a motion unless made by the government. 18 U.S.C. § 3553(e).

As to Cardenas-Cabrera's claim that he qualified for fast track departure points, that program is generally applied to immigration cases rather than to drug trafficking cases. A Department of Justice Memorandum from Deputy Attorney General James M. Cole, dated January 31, 2012 (hereinafter, the "Cole Memorandum"),[2] sets forth policy and criteria for fast track programs.[3] The government controls application of fast track plea agreements. Counsel may request such application in eligible cases, but cannot require the government to offer such plea agreements. Because Cardenas-Cabrera has not shown that he was eligible, he cannot show he was prejudiced by counsel's failure to request fast track.

Cardenas-Cabrera's sentence was controlled by his criminal history and by the terms of the statute under which he was convicted, not by his counsel's alleged failures. Because

---

[2]   The Attorney General issued a Memorandum on Department Policy on Early Disposition or "Fast-Track Programs. http://www.justice.gov/dag/fast-track-program.pdf. That Memorandum reflected a change in policy to use fast track programs in all districts and to establish uniform guidelines for the use of the policy to become effective on March 1, 2012.  *Id.*

[3]

  The Memorandum was clear, "This policy does not, however, alter the criteria for prosecutorial discretion on whether to charge a particular defendant, nor does it require prosecuting additional cases." *Id.* at p. 1.  Additionally, the government determined eligibility criteria for Illegal Reentry defendants  . . . ."

Cardenas-Cabrera has not shown that counsel's alleged failure to act prejudiced him, he has failed to meet the high burden to establish ineffective assistance of counsel.

### 3. *Cardenas-Cabrera Did Not Understand the Proceedings*

Although Cardenas-Cabrera now claims he did not understand the proceedings because he does not speak English, during arraignment, rearraignment and sentencing, he was provided with interpreters and each time testified that he understood the proceedings and he had had enough time with counsel, counsel read the documents to him in Spanish, and counsel was following his instructions.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured). Cardenas-Cabrera's testimony at arraignment, rearraignment and sentencing contradict and outweigh his current claim.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Cardenas-Cabrera has not yet filed a notice of appeal, the

§ 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Cardenas-Cabrera is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the

Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Cardenas-Cabrera's motion to vacate, set aside or correct sentence  pursuant to 28 U.S.C. § 2255 (D.E. 60) is DISMISSED. He is also DENIED a Certificate of Appealability.

It is so ORDERED on the 6th  day of October 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

10